UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOHNNY GANT,                        )
                                    )
        Plaintiff                   )
                                    )
v.                                  )    No.  3:11-0072
                                    )    Judge Trauger/Brown
CONDOLEEZA RICE and                 )
GEORGE W. BUSH,                     **)**
                                    )
        Defendants                  )

**TO: THE HONORABLE ALETA A. TRAUGER**

### REPORT AND RECOMMENDATION

        The Plaintiff in this matter has filed a complaint
(Docket Entry 1) which the District Judge allowed to be filed *in
forma pauperis* (Docket Entry 9).  In this order Judge Trauger
further referred the matter to the undersigned for a frivolity
review under 28 U.S.C. § 1915(d)(2)(B) and for case management to
include a report and recommendation on all dispositive motions
under 28 U.S.C. § 636(b)(1).  The Magistrate Judge has reviewed the
complaint as best he can, and for the reasons stated below,
recommends that this complaint be dismissed with prejudice for
failure to state a cause of action under Federal Rules of Civil
Procedure 12(b)(6).

### BACKGROUND

        The complaint is against then Secretary of State
Condoleeza Rice and then President George W. Bush.  The Plaintiff
purports to state, "In pursuit of their professional and persona

capacity civil wrong tort §§ 2-7 breach of legal duty.  Violation

of the plaintiffs individual rights to liberty.  Bill of rights,

and the guaranteed 13th 14th 15th 19th 5th amended rights.  1983-1985".

As a factual basis it appears that the Plaintiff contends that the

Defendants have no problem intervening in other countries' matters,

but ignored his problems.

It further appears that in paragraph 4 he mentions that

he seeks recovery under the Tucker Act 28 U.S.C. § 1346(2)(2) and

Federal Tort Claims Act 28 U.S.C. § 1346(b).  There is no

allegation of a contract which would give jurisdiction to either a

district court or the court of claims under the Tucker Act.  There

is no allegations that the Plaintiff has exhausted his

administrative claims to give jurisdiction of this court under the

Federal Tort Claims Act.  The factual basis includes attachments

which apparently includes a letter in which he states he wrote to

Mrs. Rice where he complains about a picture and states that he is

not allowed to date his friend or pursue any other woman outside of

those in the entertainment industry.  He states that somehow this

affects his right to life, liberty and the pursuit of happiness

(Docket Entry 1, p. 4).

This is followed by a second letter, perhaps dated

"2.10.07" complaining about savings programs that he complained

about in 2004.  He also appears to complaint by something dealing

with a restraining order and that somehow he is being threatened

and that he is not being given a gun-carrying permit (Docket Entry 1, p. 5).

Docket Entry 1-1, pp. 1-20) contain handwritten notes which are for the most part indecipherable, as well as newspaper articles from 1994 concerning some activities at a Nashville arena. This is followed by articles dealing with Secretary Rice's efforts to seek peace in the Middle East, articles concerning Iraq, and articles from "USA Today" concerning President Bush's and the Iraq situation. There are additional articles dealing with North Korea, Turkey, and a lengthy interviews of Secretary Rice that appeared in "Ebony Magazine." It concludes with some material apparently faxed to President Bush and Secretary Rice from "2.7.07". (Docket Entry 1-1, p. 15). This is followed by another letter to Secretary Rice apparently dated "4.4.08" that someone is conspiring against him. This is then followed by a letter that he was recently in Washington, and while at the bus terminal, was offered drugs by a street person that he somehow compares to activities in Iran, or somewhere else.

Despite the Magistrate Judge's best efforts to read this material and somehow decipher a coherent complaint from it, he cannot.

**LEGAL DISCUSSION**

A review of the Court's docket sheets show that Mr. Gant is a prolific filer. It appears that over the last few years Mr. Gant has filed approximately 30 lawsuits in the Middle District of

Tennessee.  All of the previous cases have either been withdrawn or dismissed as either frivolous or for failure to prosecute.

The Federal Rules of Civil Procedure state that a complaint must set forth (1) a short and plain statement of the grounds for the Court's jurisdiction; (2) a short and plain statement of the claims showing that the pleader is entitled to relief; and (3) a demand for the relief sought.  The Supreme Court pointed out in *Aschroft v. Iqbal*, 129 S. Ct. 1937 (2009) that under its earlier decision of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), that while Rule 8 does not require "detailed factual allegations" it demands more than an unadorned "the defendant unlawfully harmed me" accusation.  It further points out that a pleading that offers labels and conclusions that are a formalistic presentation of the elements of a cause of action will not do, nor will a complaint suffice if it tenders naked assertions devoid of further factual enhancement. *Iqbal at 1949.*

The Supreme Court goes on to point out that to survive a motion to dismiss the complaint must contain sufficient factual matters accepted as true to state a claim to relief that is plausible on its face.  Threadbare recitals of the elements of a cause of action supported by mere conclusionary statements do not suffice.  While the Court, for the purpose of a motion to dismiss or in this case for a consideration of whether the complaint is frivolous, must take all the factual allegations in the complaint

4

as true, the Court is not bound to accept as true a legal conclusion couched as a factual allegation. *Iqbal* at 1949-50.

Applying these principals to the complaint at hand, it is clear that the complaint fails to state a cause of action. Despite his best efforts, the Magistrate Judge has little, if any, idea of what the Plaintiff is complaining about. Much of the complaint appears to be about activities that occurred well beyond the one year statute of limitations applicable to violations under 42 U.S.C. § 1983. Additionally, the Magistrate Judge is unable to find any valid jurisdictional basis alleged in the complaint against former President Bush and former Secretary of State Rice. The Plaintiff fails to state any authority that requires these individuals to take action on what appears to be a nonsensical complaint about pictures and articles in magazines. To the Magistrate Judge's knowledge there is simply no duty of either of the Defendants to take any specific action concerning even legitimate complaints about others from a citizen.

Plaintiff's complaint so fall short of stating a plausible cause of action against the Defendants that it must be dismissed with prejudice.

Given the sizable number of complaints that the Plaintiff has filed *in forma pauperis*, the Magistrate Judge has concern as to whether the Plaintiff should continue to be allowed to file complaints *in forma pauperis* that detract from the Court's ability to handle meritorious claims. If Plaintiff were a prisoner he

would long ago have triggered the three strikes provision of the Prison Litigation Reform Act and not be allowed to file any additional complaints without payment of the filing fees or a showing of immediate harm.  Courts have dealt with prolific and vexatious litigation by entered orders enjoining a party from filing any civil action without first obtaining leave of that court.  *See* for example, *Urban v. United Nations*, 768 F.2d 1497 (D.C. Cir. 1985).

Should the Plaintiff continue what appears to be his practice of continually filing frivolous civil lawsuits, this may be a procedure the District Court will wish to consider.  The Magistrate Judge does not recommend such an injunction at this time.  Should the Plaintiff continue to file pleadings such as this one such an order would be appropriate.

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends that this case be **DISMISSED** with prejudice inasmuch as it is frivolous by failing to state a cause of action.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has 14 days, from receipt of this Report and Recommendation, in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have 14 days, from receipt of any objections filed in this Report, in which to file any responses to said objections. Failure to file specific objections within 14 days of receipt of

this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this 1st day of February, 2011.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge